IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIMMY ADDERLY,<br><br>                Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Civil Action No. 05-4260 (JBS)<br>[Cr. No. 04-00549-001 (JBS)]<br><br>OPINION |

**APPEARANCES:**

Anne C. Singer, Esquire
34 Tanner Street
Haddonfield, NJ  08033
    Attorney for Petitioner

Christopher J. Christie,
United States Attorney
    By:  William E. Fitzpatrick,
        Assistant U.S. Attorney
United States Attorney's Office
U.S. Post Office & Courthouse
401 Market Street, Fourth Floor
Camden, New Jersey  08101
    Attorney for Respondent

SIMANDLE, District Judge:

    The Petitioner, Jimmy Adderly, brings this action under 28 U.S.C. § 2255, upon his petition claiming that his former attorney, Francis S. Cutruzzula, Esquire, was ineffective because he did not file a notice of appeal as Mr. Adderly instructed him to do.  Mr. Adderly was sentenced by the undersigned to 151 months of imprisonment on January 27, 2005, upon his conviction

for possession of heroin with the intent to distribute. Adderly timely filed this petition under 28 U.S.C. § 2255 on August 30, 2005.

Because it appeared that there might be a disputed issue of fact which could only be resolved at a hearing, namely, whether Adderly directed his retained attorney to file an appeal following his sentencing, the Court determined that an evidentiary hearing should be convened. The Court granted Petitioner's application for appointment of counsel under 18 U.S.C. § 3006A by Order filed December 30, 2005, and the hearing was scheduled for February 17, 2006.

Prior to the hearing date, Petitioner's appointed counsel, Anne C. Singer, Esquire, obtained and filed with the Court a Certification signed by the former attorney, Mr. Cutruzzula. Mr. Cutruzzula's declaration acknowledges that Mr. Adderly asked him to file an appeal immediately after being sentenced on January 27, 2005, but that he did not do so because he "did not believe there to be any basis for an appeal." (Cutruzzula Decl. at paragraphs 3 & 4). The United States does not contest Mr. Cutruzzula's statement.

In general, a Petitioner attempting to show ineffective assistance of counsel must demonstrate that "counsel's representation was objectively unreasonable, and second, that counsel's deficient performance was prejudicial." Solis v.

United States, 252 F.3d 289, 293 (3d Cir. 2001), citing Roe v. Flores-Orgeta, 528 U.S. 470, 476-77 (2000) and Strickland v. Washington, 466 U.S. 668 (1984).

The filing of an appeal on behalf of a criminal defendant is "a ministerial task that imposes no great burden on counsel." Flores-Ortega, 528 U.S. at 474. The Supreme Court has repeatedly held that "a lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Flores-Ortega, 528 U.S. at 477, citing Rodriquez v. United States, 395 U.S. 327 (1969). Counsel's failure to file an appeal when explicitly requested by the client to do so cannot be considered to be exercising a strategic decision; such a failure to file simply "reflects inattention to the defendant's wishes." Flores-Ortega, 528 U.S. at 477.

When the Petitioner seeks to demonstrate that counsel was ineffective due to failure to file an appeal, therefore, the law is clear that a defendant's Sixth Amendment right to counsel is violated if a defendant directs his attorney to file an appeal but his attorney fails to do so, and prejudice will be presumed for purposes of an ineffectiveness of counsel claim if the defendant's attorney fails to file a notice of appeal when the defendant has requested him to do so. Solis v. United States, supra, 252 F.3d at 293-94. The Petitioner need not demonstrate

3

that the issues he would seek to raise on appeal are meritorious nor that they would have succeeded if an appeal had been pursued. Id. at 295, quoting McHale v. United States, 1975 F.3e 115, 119 (2d Cir. 1999).  In other words, counsel's own assessment of the likelihood of success on appeal plays no role in determining to comply with the client's expressed instruction to file an appeal.

This Court finds that Mr. Adderly has demonstrated that his trial counsel was constitutionally "ineffective" with respect to his failure to have filed a notice of appeal when Mr. Adderly requested him to do so.  Therefore, Mr. Adderly is entitled to the entry of an Order granting his Section 2255 petition to the extent of granting him ten (10) days from the entry of the accompanying Order to file an notice of appeal *nunc pro tunc.* Under these circumstances, since there are no contested factual issues to be determined at a hearing, the hearing will be cancelled and the accompanying Order will be entered.

February 17, 2006                        s/ Jerome B. Simandle
Date                                            JEROME B. SIMANDLE
                                         United States District Judge

4